# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID C. WILLIAMS,

    Plaintiff,

vs.                                                                                                                    No. CIV-05-0660 JB/LAM

PUBLIC SERVICE COMPANY OF NEW
MEXICO, WILLIAM WARRICK and
THOMAS SATEGNA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss or to Quash Service of Process, filed September 29, 2005 (Doc. 2). The primary issue is whether the Court should dismiss the Complaint or quash the service of process. Because the Plaintiff, David C. Williams, has not effectively responded to this motion, has not effectuated sufficient process, and has given deficient service of process, the Court will grant the motion in part and quash the process as to all Defendants, and the service of process as to William Warrick and Thomas Sategna.[1]

## PROCEDURAL BACKGROUND

On December 13, 2004, Williams filed a lawsuit numbered CV-04-01389 MV/WDS (the "First Lawsuit") against Defendants Public Service Company of New Mexico, William Warrick, and Thomas Sategna. On May 19, 2005, the Court, through the Honorable Martha Vazquez, Chief

---

[1] Williams did not formally respond to the Defendants' motion, but the Court has received a letter from Williams' attorney. One portion of the letter contends that two Defendants have already been properly served, and the third Defendant will be properly served on October 31, 2005. See Letter from Herbert M. Silverberg, filed November 3, 2005 (dated October 31, 2005). The Court, however, has no evidence on the record other than these conclusory statements that proper service has or will occur.

United States District Judge, dismissed the First Lawsuit without prejudice, because Williams failed to complete service of process within 120 days of the Complaint, as rule 4(m) of the Federal Rules of Civil Procedure requires.  See Order, Williams v. Public Service Company of New Mexico, No. CV 4-1389, filed May 19, 2005 (Doc. 4 in No. 04-01389 MV/WDS).

On June 14, 2005, Williams filed this case (the "Second Lawsuit").  On September 9, 2005, Williams attempted to serve a Summons and the Complaint on each Defendant by hand delivering to PNM's Legal Department a Summons addressed individually to each Defendant containing the caption of the First Lawsuit.  See Summons to Thomas Sategna (dated December 13, 2004); Summons to William Warrick (dated December 13, 2005); Summons to Public Service Company of New Mexico (dated December 13, 2004).  The Summonses purportedly served on the Defendants are Summonses issued in the First Lawsuit, not this lawsuit, the Second Lawsuit.  See id.  Indeed, all of the Summonses contain the caption of the First Lawsuit, and the Clerk issued them on December 13, 2004, the date Williams filed the First Lawsuit.  See id.  A Complaint for the second lawsuit was attached to each Summons.[2]  See Defendants' Motion to Dismiss or to Quash Service of Process ("Motion to Dismiss") ¶ 6, at 2; David C. Williams Civil Cover Sheet (dated June 14, 2005); Complaint for Damages and Other Relief for Discrimination Based on Age and Disability, for Retaliation, for Civil Conspiracy, for Tortious Interference with Business Advantage, for Invasion of Privacy, and/or for Prima Facie Tort, With Jury Demand ("Second Lawsuit Complaint") at 1, filed June 14, 2005 (Doc. 1).

---

[2] The Defendants allege that the complaint that was delivered with the summonses contained the caption of the first lawsuit, see Defendants' Motion to Dismiss or to Quash Service of Process ¶ 6, at 2; however, the document to which the Defendants point in support of this contention shows a civil cover sheet and complaint that contain the caption for the second lawsuit, see Second Lawsuit Complaint at 1; Williams Civil Cover Sheet.

Instead of filing an answer, Defendants Public Service Company of New Mexico ("PNM"), William Warrick, and Thomas Sategna move the Court, pursuant to rule 12(b), to dismiss the Complaint or, in the alternative, to quash service of process or summons. See Defendants' Motion to Dismiss at 1 & n.1. The Defendants bring their motion under rules 12(b)(4) and 12(b)(5). See id. ¶ 1, at 1. PNM states that, by filing this motion, it is not waiving its right to bring further rule 12(b) motions. See id. at 1 n.1.

### RULES 12(b)(4) and 12(b)(5)

Under rules 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4." Richardson v. Alliance Tire & Rubber Co., 158 F.R.D. 475, 477 (D.Kan. 1994)(quoting C. Wright & A. Miller, Federal Practice and Procedure § 1353 (2d ed. 1990)). "Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." Whitsell v. United States, No. 99-5114, 1999 U.S. App. LEXIS 28445, at *4 (10th Cir. November 1, 1999)(citing Fed. R. Civ. P. 12(b)(4), 12(b)(5)).[3] "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv., 871 F. Supp. 1331, 1349 (D.Kan. 1994)(citation omitted). See United States v. Sharon Steel Corp., 681 F. Supp. 1492, 1499 n.14 (D.Utah 1987). "A Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint." Oltremari by McDaniel v. Kansas Social & Rehabilitative

---

[3] The Tenth Circuit Rule 36.3(B) states: "Citation to an unpublished decision is disfavored. But an unpublished decision may be cited to if: (i) it has persuasive value with respect to a material issue that has not been addressed in a published opinion; and (ii) it would assist the court in its disposition." This unpublished decision meets both these criteria and the rules therefore allow citation to this unpublished decision.

Serv., 871 F. Supp. at 1350 (citation omitted).  See United States v. Sharon Steel Corp., 681 F. Supp. at 1499 n.14.

"Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action--quashing the process without dismissing the action--other than simply dismissing the case when the defendant's defense or objection is sustained."  5 C. Wright & A. Miller, Federal Practice and Procedure § 1354 (3d ed. 2004). "Effectuation of service is a precondition to suit." Jenkins v. City of Topeka, 136 F.3d 1274, 1275 (10th Cir. 1998).  The plaintiff has the burden of establishing the validity of service.  See Federal Deposit Ins. Corp. v. Oaklawn Apts., 959 F.2d 170, 174 (10th Cir. 1992).  Where plaintiff does not meet this burden, a court may dismiss for failure to properly serve.  See Lasky v. Lansford, No. 03-2070, 2003 U.S. App. LEXIS 19404, at *2-4 (10th Cir. Sept. 18, 2003).

"Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994).  See U.S.A. Nutrasource, Inc. v. CNA Ins. Co., 140 F.Supp. 2d 1049, 1052-53 (N.D.Cal. 2001)("Dismissals for defects in the form of summons are generally disfavored.  Such defects are considered 'technical' and hence are not a ground for dismissal unless the defendant demonstrates actual prejudice.")(citation omitted).

"[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." Pell v. Azar Nut Co., Inc., 711 F.2d 949, 950 n.2 (10th Cir. 1983)(citing 5 C. Wright & Miller, Federal Practice and Procedure § 1354, at 586-87 (1969)).  See Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985)("Where service of process is insufficient, the courts have broad discretion to dismiss the action

or to retain the case but quash the service that has been made on defendant . . . even though service will ordinarily be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." (citation omitted)(internal quotations omitted)). In addition, the Court has discretion to dismiss the action if it appears unlikely that proper service can or will be instituted. See Pell v. Azar Nut Co., Inc., 711 F.2d at 950 n.2.

## ANALYSIS

Here, the form of the process and the mode of delivery were deficient. The summonses addressed to all three defendants purportedly are from an action that Chief Judge Vazquez has dismissed and are not summonses that the Clerk issued in the Second Lawsuit. Accordingly, the process forms are technically deficient and insufficient. Because the form of process here is insufficient, but curable, the Court will quash the process for all three Defendants.

With regard to Warrick and Sategna, the federal rules provide that service upon an individual may be effected by delivering a copy of the summons and the complaint to the individual personally, by leaving copies at the individual's house, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. See Fed. R. Civ. P. 4(e)(2). New Mexico rules also allow for the same method of service. See id. at 4(e)(1)(allowing for service pursuant to state rules); Rule 1-004F NMRA 2005. Service upon Warrick and Sategna was attempted by hand delivering the improperly captioned Summons issued in the First Lawsuit and the attached Complaint to PNM's Legal Department.

Warrick and Sategna do not, however, live at PNM and have not authorized anyone to accept service on their behalf. Thus, service upon Warrick and Sategna is insufficient, but curable, and the Court will quash the service as to Warrick and Sategna.

The Defendants also ask for attorneys' fees associated with this motion. The Defendants have not, however, pointed to any statutory or contractual basis for their request for fees, nor have they pointed to any exception to the American Rule that covers their motion. The Court will deny the request for fees.

**IT IS ORDERED** that the Defendants' Motion to Dismiss or to Quash Service of Process is granted in part and denied in part. William's service is quashed as to Warrick and Sategna. The process is quashed as to all three Defendants. The Defendants' request for fees is denied. Williams will have 10 business days from the entry of this Order to effectuate correct service of process with correct captioned summonses issued for the Second Lawsuit.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Mary Louise Boelcke
Herbert M. Silverberg
Silverberg Law Offices
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Robert C. Conklin
John K. Ziegler
Conklin, Jenke & Woodcock, P.C
Albuquerque, New Mexico

 *Attorneys for the Defendants*